IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JUAN MANUEL BUSTOS-ROJAS, | |
| Movant, | CIVIL ACTION NO.: 2:23-cv-30 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:14-cr-12) |
| Respondent. | |

**ORDER AND REPORT AND RECOMMENDATION**

Movant Juan Bustos-Rojas ("Bustos-Rojas"), who is currently housed at the Federal Correctional Institution in Mendota, California, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence and a Motion for Leave to Proceed *in Forma Pauperis*.  Docs. 1, 2. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Bustos-Rojas's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bustos-Rojas *in forma pauperis* status on appeal and a Certificate of Appealability.  I **DENY as moot** Bustos-Rojas's Motion for Leave to Proceed *in Forma Pauperis*, as there is no filing fee applicable to § 2255 motions.[1]

### BACKGROUND

Bustos-Rojas was charged by superseding indictment of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846. United States v. Bustos-Rojas, 2:14-cr-12 ("Crim. Case"), Doc. 208.  Bustos-Rojas was able to

---

[1] Rule 3, Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Committee's Note to 1976 Adoption ("There is no filing fee required of a movant under these rules[]" "to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."); 28 U.S.C. § 1914(a).

reach a plea agreement with the Government on August 18, 2014, and agreed to plead guilty to count one of the superseding indictment. Crim. Case, Doc. 485. The Honorable Lisa Godbey Wood sentenced Bustos-Rojas to 185 months in prison on March 24, 2015, and entered judgment the same date. Crim. Case, Docs. 643, 644. The Government filed a motion to reduce Bustos-Rojas's sentence on August 5, 2015, and Judge Wood granted this motion on August 31, 2015, reducing Bustos-Rojas's sentence to 161 months' imprisonment. Docs. 678, 685. Bustos-Rojas filed motions to appoint counsel between July 2015 and August 2021, all of which the Court has denied. Docs. 676, 692, 844, 849, 893, 895.

Bustos-Rojas signed his § 2255 Motion on February 19, 2023, and it was filed on February 27, 2023. Doc. 1. He contends he was erroneously given a two-point offense level increase based on possession of a firearm, but his wife legally owns the firearm and it was in his wife's property. Id.

## DISCUSSION

**I.     Bustos-Rojas's Motion Is Not Timely**

To determine whether Bustos-Rojas filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made via § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Bustos-Rojas was sentenced to 185 months' imprisonment on March 24, 2015, and the Court's final judgment was entered this same date. Crim. Case, Doc. 644. Bustos-Rojas had 14 days, or until April 7, 2015, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Bustos-Rojas did not file an appeal, he had until April 7, 2016, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). However, he did not execute his § 2255 Motion until February 19, 2023, and it was filed on February 27, 2023. Consequently, Bustos-Rojas's Motion is untimely under § 2255(f)(1) by nearly seven years' time. Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

Bustos-Rojas appears to argue he is entitled to the statute of limitations period set forth in § 2255(f)(4), claiming the "charge could have been avoided if not for the due diligence."[2] Doc. 1 at 10. Bustos-Rojas has "the burden to adequately allege due diligence under § 2255(f)(4)."

---

[2] Bustos-Rojas does not argue the limitations periods of § 2255(f)(2) and (3) are applicable. He makes the sweeping generalization "the laws have changed regarding firearms," doc. 1 at 10, but provides no legal or factual support for any entitlement to the limitations period found in § 2255(f)(3). In addition, Bustos-Rojas was aware of any desired challenge to the firearm enhancement and the availability of § 2255 no later than March 13, 2020. Crim. Case, Doc. 849 (denying motion for appointment of counsel to challenge firearm enhancement and noting the assumption Bustos-Rojas would file a § 2255 motion in the future).

3

Guerrero Sanchez v. United States, Case Nos. 19-24206-CV, 17-20804-CR, 2020 WL 8082397, at *3 (S.D. Fla. Dec. 15, 2020) (citing Trucchio v. United States, 553 F. App'x 862, 864 (11th Cir. 2014); and then citing Johnson v. United States, 544 U.S. 295, 308 (2005)), adopted by 2021 WL 76343 (S.D. Fla. Jan. 8, 2021).  This "'does not require the maximum feasible diligence, but only 'due,' or reasonable, diligence.'"  Id. (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)).  Under the due diligence standard, a prisoner must "make reasonable efforts [to discover the new facts underlying his claims,]" id. (alteration in original), though a prisoner need not "undertake repeated exercises in futility or to exhaust every imaginable option . . . ."  Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002).  "Although this inquiry is individualized, the prisoner's subjective belief regarding the date on which the new evidence became available to him does not control."  Guerrero Sanchez, 2020 WL 8082397, at *3 (cleaned up).

Bustos-Rojas makes no showing he was pursuing his rights diligently.  In short, Bustos-Rojas fails to meet his burden of showing entitlement to the limitations period of § 2255(f)(4), and the Court should dismiss his Motion on this basis.  The Court now turns to whether Bustos-Rojas is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Bustos-Rojas Is Not Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 560 U.S. 631, 645 (2010).  "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'"  Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is

typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Bustos-Rojas fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to February 19, 2023. While Bustos-Rojas may have filed motions for appointment of counsel, he does not show he attempted to file a § 2255 motion earlier or that some extraordinary circumstance prevented any alleged earlier attempt to file a § 2255 motion. Consequently, Bustos-Rojas is not entitled to the equitable tolling of the applicable statute of limitations period for the same reasons he cannot show § 2255(f)(4) provides a new triggering event for statute of limitations purposes, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** Bustos-Rojas's § 2255 Motion.

## III.  Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Bustos-Rojas leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Bustos-Rojas has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v.

County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th

Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Bustos-Rojas's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  If the Court adopts this recommendation and denies Bustos-Rojas a Certificate of Appealability, Bustos-Rojas is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Bustos-Rojas's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bustos-Rojas a Certificate of Appealability and *in forma pauperis* status on appeal.  I **DENY as moot** Bustos-Rojas's Motion for Leave to Proceed *in Forma Pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA